# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERBERT E. KNUDSON, | |
| Plaintiff(s), | Case No. 2:10-cv-0131-RLH-PAL |
| vs. | **O R D E R**<br>(Motion to Dismiss–#6) |
| VEOLIA TRANSPORTATION;<br>ELEN FEHR; and MARIA WILLIAMS, | (Motion for Summary Judgment–#9)<br>(Motion for Default Judgment–#14) |
| Defendant(s). | |

This case represents the difficulty for a non-attorney to attempt self-representation. Before the Court are the following three motions and the responses and replies associated therewith:

1. Defendants' **Motion to Dismiss** (#6, filed June 9, 2010), to which Plaintiff Knudson filed a Response (#12), and for which Defendants filed a Reply (#11).

2. Plaintiff's **Motion for Summary Judgment** (#9, filed June 25, 2010), to which Defendants filed a Response (#13), and for which there is no Reply by Plaintiff.

3. Plaintiff's **Motion for Default Judgment** (#14, filed October 27, 2010), to which Defendants filed a Response (#15) and for which the time has not run to file a Reply. The Court will not await a reply as the Motion is totally without merit on its face.

## BACKGROUND

Plaintiff filed his Complaint on January 29, 2010. That Complaint was dismissed for failure to state a claim, on February 8, 2010, with leave to file an amended complaint. Plaintiff filed an Amended Complaint on March 8, 2010. However, that Complaint is defective also, because it

was not filed within the 90 days required by the document Plaintiff incorporated into his Amended Complaint.  A Certificate of Service was filed on May 24, 2010, quickly followed by the first of the above motions.  The Court will address the motions in the order of their filing.

## DEFENDANTS' MOTION TO DISMISS (#6)

Defendants' Motion to Dismiss (#6) demonstrates that Plaintiff's Complaint and Amended Complaint are untimely and violate the time limitations for bringing suit under his claims. Specifically, Plaintiff filed his charge of discrimination with the EEOC on November 24, 2008.  It was dismissed on October 15, 2009, and Plaintiff was given the right to sue but ordered that it must be filed WITHIN 90 DAYS from receipt of notice.  This lawsuit was not filed until January 29, 2010, one hundred and six (106) days after the Notice of Right to Sue.  Accordingly, his suit is barred by the applicable statute of limitations.

The Motion to Dismiss also rightly argues that there is no individual liability under Title VII.  Therefore the lawsuit against the individuals, Fehr and Williams, must be dismissed. Furthermore, Plaintiff failed to exhaust his administrative remedies before the EEOC, as required by law, because he did not identify claims of racial harassment, gender discrimination, gender harassment, and retaliation in his EEOC Charge, and he failed to name the individual Defendants as respondents in his EEOC Charge. Plaintiff cannot assert claims here that were not asserted in the administrative complaint. The EEOC complaint only refers to harassment based upon race, but provides no specific allegations of facts to support the allegations.

Plaintiff's attempted Amended Complaint constitutes one page with attachments of the EEOC decision.  These documents do not sufficiently state a claim.  Insufficient facts are presented to establish a claim on the fact of the attempted Amended Complaint.  A complaint must contain sufficient factual matter which, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 2007).

////

Plaintiff's response to the motion was to merely file his Motion for Summary Judgment which does not constitute points and authorities in opposition to the Motion to Dismiss, since Plaintiff does not address the bases for Defendants' Motion to Dismiss.

Accordingly, the Motion to Dismiss will be granted.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#9)

Plaintiff's Motion for Summary Judgment (#9) also claims to be an opposition to Defendants' Motion to Dismiss. That opposition was addressed above. The basis for the Motion for Summary Judgment is that Defendants failed to file an answer to his Amended Complaint in a timely manner. The motion is without merit.

The Certificate of Service alleges that service was accomplished on May 19, 2010, by serving what appears to be the Risk Manager for Veolia Transportation. First, that service is insufficient for service on the individual Defendants who must be served personally, or to someone of age at their residence. There is no evidence this was ever accomplished. Second, Defendants' Motion to Dismiss, which is considered a "responsive pleading" under Fed. R. Civ. P. 12(a)(1), is the equivalent of filing an answer, and was served timely on June 9, 2010, 20 days after the purported service.

Accordingly, the Motion for Summary Judgment will be denied.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (#14)

Plaintiff's Motion for Default Judgment (#14) is based on the same allegations as the Motion for Summary Judgment, and is without merit and will be denied for the same reasons.

IT IS THEREFORE ORDERED that Defendants' **Motion to Dismiss** (#6) is GRANTED, and the matter is dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff's **Motion for Summary Judgment** (#9) is DENIED.

////

////

3

IT IS FURTHER ORDERED that Plaintiff's **Motion for Default Judgment** (#14) is DENIED.

Dated: November 2, 2010.

/s/ Roger L. Hunt
Roger L. Hunt
Chief United States District Judge

4